United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE BOARD OF TRUSTEES, IN THEIR
CAPACITIES AS TRUSTEES OF THE
LABORERS HEALTH AND WELFARE
TRUST FUND FOR NORTHERN
CALIFORNIA, et al.,

          Plaintiffs,

      v.

ACUMEN CONSTRUCTION
MANAGEMENT, INC.,

          Defendant.

Case No. 25-cv-06728-KAW

**ORDER EXTENDING DEADLINES;
REQUIRING SUPPLEMENTAL
BRIEFING RE MOTION FOR
DEFAULT JUDGMENT; CONTINUING
HEARING DATE**

Re: Dkt. No. 16

Pending before the Court is Plaintiffs' motion for default judgment. (Mot. for Default J., Dkt. No. 16.) On January 5, 2026, the Court extended the deadline for Defendant to file an opposition to January 13, 2026, and ordered Plaintiff to serve the order on Defendant. (Dkt. No. 20.) It appears, however, that the order was not served on Defendant until January 20, 2026. (Dkt. No. 23.) In order to ensure that Defendant has received an opportunity to respond to the motion for default judgment, the Court EXTENDS the deadline for Defendant to file an opposition to **February 10, 2026**. Should Defendant file an opposition, Plaintiff may file a reply on **February 17, 2026**. The Court CONTINUES the hearing date to **March 5, 2026** at 1:30 p.m.

Further, having reviewed Plaintiffs' motion for default judgment, the Court requires supplemental briefing as to the following:

**First**, Plaintiffs shall confirm whether the motion for default judgment was served on Defendant. If the motion for default judgment was not served, Plaintiffs shall serve the motion and file a certificate of service as directed below.

**Second**, the Court requires further explanation of Plaintiffs' interest calculations. For

example, Plaintiffs seek interest as to the September 2024 unpaid contributions to the Health and Welfare, Vacation, and Training fund, but the statement of unpaid contributions states that nothing is owed to these funds for September 2024.  (*See* Lauziere Decl., Exh. B at 2, 4.)  Likewise, it is unclear how Plaintiffs calculated the $906.64 in interest as to the $1,521.48 in unpaid contributions due to the Health and Welfare fund for October 2024, when Plaintiffs calculated $711.96 in interest as to the $3,955.50 due to the Annuity fund for October 2024.  Given these apparent discrepancies, the Court requires a detailed breakdown of how each interest calculation was made.

**Third**, it is unclear if Plaintiffs are seeking liquidated damages or double interest on unpaid contributions under § 1132(g).  While Plaintiffs would be entitled to either liquidated damages or double interest on unpaid contributions under § 1132(g), Plaintiffs appear to simultaneously request liquidated damages and double interest.  (*See* Mot. for Default J. at 16 (seeking $11,477.23 in liquidated damages and interest on unpaid contributions), 17 (seeking double interest of $10,877.23 under § 1132(g); Dkt. No. 24 at 11 (proposed order seeking $11,477.23 in liquidated damages and interest on unpaid contributions), 12 (seeking "additional interest" in the amount of $10,877.23).)  Plaintiffs shall clarify all amounts that they are seeking, including a breakdown of each amount sought (*e.g.*, the amount sought for interest on unpaid contributions, the amount sought for interest on late-paid contributions, the amount sought for double interest, the amount sought for liquidated damages on unpaid contributions, and/or the amount sought for liquidated damages on late paid contributions).

**Finally**, Plaintiffs shall explain the legal basis for an injunction requiring the timely submission of monthly contributions and payments going forward.  (Mot. for Default J. at 18-19.)  While Plaintiffs cite *Trustees on Behalf of Teamsters Benefit Trust v. Casey's Office Moving & Services, Inc.*, this injunction was limited to the submission of past contribution reports.  No. C-05-4157 MHP (EMC), 2007 WL 1031320, at *4 (N.D. Cal. Apr. 3, 2007).  In contrast, Plaintiffs appear to be effectively seeking a permanent injunction requiring the submission of all future contribution reports and payments.  Thus:

According to well-established principles of equity, a plaintiff

2

United States District Court
Northern District of California

seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).  At least one district court has rejected the type of injunction sought by Plaintiffs.  *See Bd. of Trs. v. Demolition*, No. 25-cv-02878-TLT (LJC), 2025 U.S. Dist. LEXIS 270286, at *23 (N.D. Cal. Nov. 17, 2025).  Thus, Plaintiffs shall clarify if they still seek a permanent injunction.  If so, Plaintiffs shall also explain how the four-factor test is satisfied.

Plaintiffs' supplemental briefing and supporting declarations are due by **February 17, 2026**.  Plaintiffs' shall also file a modified proposed order by **February 17, 2026**, which shall be consistent with the supplemental briefing.

Plaintiffs shall serve a copy of this order on Defendant along with a copy of the motion for default judgment, if they have not already done so, and file a certificate of service within **three days** of the date of this order.

IT IS SO ORDERED.

Dated: January 26, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3